**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

BRENDA MCDOUGAL, on her own behalf and all
similarly situated individuals,

        Plaintiff,

-vs-                                   Case No.  2:11-cv-24-FtM-29SPC

FIRST FINANCIAL EMPLOYEE LEASING, INC.,
a Florida profit corporation, BRUCE T. SMITH,
individually, LARRY BENNETT, individually,

        Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

     This matter comes before the Court on the Parties' Joint Motion to Approve Settlement and

for Dismissal With Prejudice (Doc. #39) filed on August 10, 2011.  The Parties indicate they have

reached a settlement of the Plaintiff's claims against the Defendants and seek approval of the

agreement.  The Settlement Agreement, Waiver, and Release (Doc. #39-1) is attached to the instant

Motion as Exhibit A.

     This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.*

The Parties have reached a settlement agreement and seek court approval of that agreement.  In

Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982),  the Eleventh

Circuit explained that claims for back wages under the FLSA may only be settled or compromised

when the Department of Labor supervises the payment of back wages or when the district court

enters a stipulated judgment "after scrutinizing the settlement for fairness."  There are two ways for

a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, the parties have agreed to a settlement amount, with compromise, of $15,800.00. The Plaintiff, Brenda McDougal, has agreed to accept $10,800.00 in consideration towards Plaintiff's alleged overtime unpaid wage and liquidated damage claims. Counsel for the Plaintiff, Morgan & Morgan, shall receive $5,000.00 in attorney's fees and costs. The joint motion indicates that the attorney's fees were negotiated separately from the Plaintiff's settlement without regard to the amount paid to the Plaintiff in settlement of their FLSA claim.

Plaintiff and Defendants agree that the Settlement Agreement (Doc. #39-1) is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Because

the Parties inform the Court that the terms of the settlement were made, with compromise, for all the

work the Plaintiff performed on the Defendants' behalf, the Court concludes that the proposed

settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RECOMMENDED:**

The Parties' Joint Motion to Approve Settlement and for Dismissal With Prejudice (Doc.

#39) be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

It is further respectfully recommended, the case should be **DISMISSED with Prejudice** pursuant

to the Agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___15th____ day of August, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record